Maria C. Roberts, SBN 137907
mroberts@greeneroberts.com
Dessi N. Day, SBN 207699
dday@greeneroberts.com
GREENE & ROBERTS
402 West Broadway, Suite 1025
San Diego, CA 92101
Telephone:  (619) 398-3400
Facsimile:   (619) 330-4907

Attorneys for Defendant ECMD, Inc., a North Carolina corporation (erroneously sued as ECMD, Inc., a California corporation)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DAVID GHUSAR, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>ECMD, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 2:24-cv-05223<br><br>Action Date:   May 21, 2024<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT ECMD, INC. UNDER 28 U.S.C. §§ 1332, 1441(a), 1446, 1453**<br><br>**ACCOMPANYING DOCUMENTS:**<br>CIVIL COVER SHEET; DECLARATIONS OF DESSI N. DAY AND KAREN MCQUINN |

TO: **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

AND TO: **DAVID GHUSAR, on behalf of himself and all others similarly situated:**

Defendant ECMD, Inc. ("ECMD"),[1] by and through the undersigned attorneys, removes this action from the Superior Court for the State of California, County of Riverside, where it was filed and is currently pending, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. As addressed below, original jurisdiction exists in this action pursuant to 28 U.S.C. §1332(d), the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1453, and as otherwise specified herein. In support of this removal, ECMD states the following:

## I. Introduction and Background

ECMD has two facilities in California located in Riverside and Olivehurst, California, and during the putative class period had approximately 253 current and former non-exempt ECMD employees in California. (Declaration of Karen McQuinn (McQuinn Decl.), ¶¶6-7.)

On or about May 21, 2024, Plaintiff a former driver at the ECMD's Marysville Distribution Center located in Olivehust, California, filed a putative class action complaint captioned, *David Ghusar, individually, and on behalf of all others similarly situated v. ECMD, Inc., a California corporation; and DOES 1 through 10, inclusive*, County of Riverside, Case No. CVRI2402779. (*See*, Complaint attached as Exhibit 1; McQuinn Decl., ¶5.) In the complaint, Plaintiff alleges that ECMD is a corporation that does business in California, including Riverside County. (Exh. 1, ¶9); that he was formerly employed by Defendant as a

---

[1] By filing this Notice of Removal, ECMD does not waive any of its rights to any objections or defenses, including jurisdictional, and expressly reserves the right to amend and supplement this Notice of Removal.

driver (Exhibit 1, ¶¶7, 13); and that ECMD violated his rights protected by the California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1194.2, 1197, 1198, 2802, applicable IWC Wage Orders, and the Unfair Competition Law (the "UCL"). (*Id.*, ¶¶13-94.)

Plaintiff also asserts a putative class action and seeks to represent a putative class composed of and defined as follows:

> [a]ll persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent. (Exh. 1, ¶23.)

## II. ECMD Has Satisfied the Procedural Requirements for Removal.

On May 29, 2024, Plaintiff served ECMD with a copy of the complaint. (McQuinn Decl., ¶ 5; Exh. 1.) Removal is timely pursuant to 28 U.S.C. § 1446(b), because thirty days or fewer have passed since Plaintiff served the complaint on ECMD. Pursuant to 28 U.S.C. §117, the United States District Court for the Central District of California, Western Division, is the federal judicial district and division encompassing the Superior Court of the State of California, County of Riverside, where this lawsuit was originally filed. Venue is, thus, proper because this is the "district and division embracing the place where such action is pending." *See*, 28 U.S.C. §1441(a).

As required by 28 U.S.C. §1446(a), ECMD attaches a copy of all process, pleadings, and orders served upon it as Exhibit 1.

## III. Removal Is Proper Because the Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1332, 1441, 1446, And 1453.

Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction over any civil action with more than 100 class members where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a state

2

different from any defendant. Moreover, Congress enacted the Class Action Fairness Act ("CAFA"), to "facilitate adjudication of certain class actions in federal court." Therefore, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), *citing Standard Fire Ins. Co. v. Knowles*, 568 S. Ct. 1345 (2013).

A.  **Plaintiff's Complaint Constitutes a "Class Action"**

This case meets the CAFA definition of a class action: "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure." 28 U.S.C. §§1332(d)(1)(B), 1435(a) & (b). Plaintiff filed his Complaint under a state judicial procedure, California Code of Civil Procedure § 382, which authorizes an action to be brought by one or more representative persons as a class action. (Exh. 1, ¶¶2, 28.) Consequently, Plaintiff's complaint constitutes a class action under CAFA.

B.  **The Putative Class as Pled Far Exceeds More Than 100 Members**

In paragraph 2 of his complaint, Plaintiff defines the putative class "Plaintiff and all other persons who have been employed for any Defendant in California as an hourly-paid, non-exempt employee beginning four years before the filing of the initial complaint in this action and ending when notice to the class is sent (the "Class Period"). (Exh. 1, ¶23.) Limiting the putative class to only those non-exempt employees who worked for ECMD during the putative class period, there are approximately 253 putative class members. (McQuinn Decl., ¶¶ 6-7.) Thus, the size of the putative class far exceeds 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B). (*Id*.)

C.  **The Parties Meet the Minimal Diversity Requirements**

This Court has original jurisdiction of this action, in part, because "[A]ny member of a class of plaintiffs is a citizen of a State different from any defendant;

3

or (B) any member of a class of plaintiffs is a […] citizen or subject of a foreign state and any defendant is a citizen of a State[.]" 28 U.S.C. §§ 1332(d)(2)(A), (B).

Here, Plaintiff, DAVID GHUSAR, is a resident of the State of California. (Exh. 1, ¶7.) The putative class as defined in the complaint includes employees who worked only in California. In contrast, ECMD, the named defendant in this action, is a North Carolina corporation, incorporated in the state of North Carolina, with its principal place of business in North Wilkesboro, North Carolina. (McQuinn Decl., ¶ 3.)

To determine a corporation's "principal place of business" for the purpose of diversity jurisdiction, the courts apply the "nerve center" test adopted by the U.S. Supreme Court in *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010). Under that test, the term "principal place of business" in the federal diversity jurisdiction statute refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, in other words the corporation's "nerve center." This is normally the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings, for example, attended by directors and officers who have traveled there for the occasion.

ECMD's corporate headquarters are located in North Wilkesboro, North Carolina, where ECMD's executive officers are located and work. Corporate personnel directing the daily operations of ECMD is also located in North Carolina, and decisions regarding corporate policies are made in North Carolina. (McQuinn Decl., ¶ 4.) Applying the "nerve center" test, Defendant ECMD's principal place of business for purposes of diversity jurisdiction under 28 U.S.C. §1332(c)(1) is deemed to be ECMD's corporate headquarters or the "nerve center" in North Wilkesboro, North Carolina. (McQuinn Decl., ¶ 4); *Breitman v. May Co. California,* 37 F.3d 562, 564 (9th Cir. 1994) (where corporation had retail locations

in multiple states, principal place of business was location of corporate headquarters); *Industrial Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990) (explaining the "nerve center" test). Based on these facts, the putative class action meets the minimal diversity requirements for removal.

**D.   The Amount in Controversy Based on the Claims as Pled by Plaintiff Exceeds the Sum or Value of $5,000,000.**

Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). While denying all liability, ***ECMD avers for the purposes of this Notice only***, that Plaintiff's claims place more than $5 million in controversy (excluding interest and costs). Under CAFA, removal is proper if the allegations of the complaint as pled and the notice of removal demonstrate that it is "more likely than not" that the amount in controversy exceeds $5,000,000. *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" under some circumstances). This standard is satisfied here[2] and ECMD is permitted to include a plausible allegation, without evidentiary submissions, that the requisite amount in controversy is met. *See*, *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551.

**For purposes of the computations below, ECMD has included non-exempt employees working for ECMD in California during the putative class period:**

---

[2] ECMD denies Plaintiff's allegations, claims of liability and damages and denies that this matter is properly brought or should proceed as a class action. However, for the purposes of removal, ECMD and the Court must rely on the allegations pled. *See*, *Standard Fire Ins., supra*, 568 S. Ct. at 1350 ("CAFA, however, permits the federal court to consider only the complaint that the plaintiff has filed, i.e., *this* complaint, not a new, modified (or amended) complaint that might eventually emerge.") (emphasis in original).

1. **Plaintiff Seeks Recovery for Himself and the Putative Class for Alleged Violations of California Labor Code §§ 204, 1194, 1194.2 and 1197 Related to the Payment of Minimum Wages.**

In support of the first cause of action for alleged violations of California Labor Code §§204, 218, 218.6, 1194, 1194.2 and 1197, Plaintiff alleges ECMD had policies and practices of not compensating its California employees for all hours worked.[3] Plaintiff further asserts that "throughout the statutory period, Plaintiff and the Class were required to wait in line in order to clock into work and when returning from meal break." *Id*. Plaintiff further alleges that Plaintiff and class were required to clock in through an application on their phone and "were often required to attempt several times because of the bad reception, leading to additional off the clock time."[4]

Plaintiff specifically alleges that he and the putative class members:

> At all times relevant hereto, Defendants knowingly failed to pay Plaintiff and the Class overtime compensation for all hours they worked. By their failure to pay compensation for each hour worked, as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.[5]

Labor Code section 1194 provides that nonexempt employees who receive less than the minimum wage in compensation for hours worked are entitled to recover unpaid wages. *See*, Cal. Lab. Code §1194(a). In addition, Labor Code section 1194.2 provides that employees who receive less than minimum wage for hours worked may seek liquidated damages equal to the unpaid wages recovered. *See*, Cal. Lab. Code §1194.2(a).

Plaintiff seeks recovery of alleged unpaid minimum wages for himself and the putative class for the statutory time period of May 21, 2020 to present.[6] Plaintiff also seeks recovery of liquidated (double) damages under section 1194.2(a). During

---

[3] Exh. 1, ¶¶15, 32.
[4] Exh. 1, ¶15.
[5] Exh. 1, ¶32.
[6] Exh. 1, ¶¶37, 38, 39.

the relevant time period as alleged in the complaint, ECMD employed a total of 253 nonexempt employees in California. (McQuinn, ¶¶6-7.) The ECMD employees worked a total of approximately 16,868 workweeks from May 21, 2020 to the present and earned an average of $21.34/hour. (*Id.*)

Assuming two hours are owed to each employee per workweek, the potential minimum wage violations total $719,926.24 [2 (hours per week) x 16,868 (workweeks) x $21.34 (average hr/rate).] (McQuinn Decl., ¶¶6-7.) Adding, liquidated damages at a pro-rated rate of ¾ the unpaid wages amount (based on a 3-year statute of limitations), the potential minimum wage violations on this disputed claim totals: **$1,259,870.92** ($539,944.68 (liquidated damages, based on ¾ of unpaid wages owed) + $719,926.24 (unpaid minimum wages, as calculated above)).

### 2. Plaintiff Seeks Recovery for Himself and the Putative Class for Alleged Violations of California Labor Code §§ 510, 1194, 1198 Related to the Payment of Overtime Wages.

In support of the second cause of action for alleged violations of California Labor Code §§510, 1194, and 1198, Plaintiff alleges ECMD had policies and practices of not compensating its California employees for all overtime worked.[7] Plaintiff further asserts that Plaintiff and the Class were required to wait in line in order to clock into the work, when returning from meal breaks; that their log in through the cellular system was delayed due to bad reception; that they were required to inspect their trucks before clocking in; that they were required to use a security code before entering the facility; and they were required to clean their trucks after their shift, which all resulted in uncompensated time.[8]

Plaintiff specifically alleges that he and the putative class members:

> At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code

---

[7] Exh. 1, ¶15.
[8] *Id.*

section 510 and 1198… By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for the overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in the amounts which are presently unknown to them, but which exceed the jurisdictional minimum of this Court...[9]

Labor Code section 510 provides as follows: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." *See*, Cal. Lab. Code § 510(a). Plaintiff seeks recovery of overtime for himself and the putative class from May 21, 2020 to present.[10]

Assuming 2 overtime hours are owed per workweek during the class period for the non-exempt employees, based on the workweek calculations for employees who worked during that period, the potential overtime violations on this disputed claim total $**1,079,889.36** [2 (OT hours) x 16,868 (workweeks) x $21.34 (average rate) x 1.5).] (McQuinn Decl., ¶¶6-7.)

### 3. Plaintiff Seeks Recovery for Himself and The Putative Class for Alleged Violations of California Labor Code §§226.7 and 512 Related to the Provision of Meal Periods.

In support of his third cause of action, for alleged violations of California Labor Code §§226.7 and 512, Plaintiff re-alleged his prior allegations that ECMD engaged in a systematic corporate policy and practice of violating California labor laws, including sections 226.7 and 512.[11] Although disputed, Plaintiff alleges:

---

[9] Exh. 1, ¶¶44-45.
[10] Exh. 1, ¶¶46-48.

8

> . . . Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods Defendants … required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work…[12]

Labor Code section 226.7 allows a non-exempt employee to recover one additional hour of pay at the employee's regular rate of compensation for each workday that a mandated meal period is not provided. *See*, Cal. Lab. Code § 226.7(c). Courts have applied a four-year statute of limitations to claims for alleged meal period violations, where the plaintiff seeks to recover unpaid wages as restitution under Business & Professions Code §§ 17200 and 17210. *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173 (unlawfully withheld wages may be recovered as restitution).

During the relevant time period as alleged in the complaint, ECMD employed a total of 253 nonexempt employees in California. (McQuinn, ¶¶ 6-7.) The ECMD's non-exempt employees worked a total of approximately 16,868 weeks from May 21, 2020 to the present and earned an average of $21.34 /hour. (*Id*.) Assuming 2 alleged meal period violations occurred each week for the 253 ECMD employees during the putative class period going back four years,[13] the total amount of premium pay that could be owed for such alleged violations is $**719,926.24** [16,868 (total workweeks) x $21.34 (average hourly rate of pay) x 2]. (McQuinn Decl., ¶6.)

/ / /

---

[11] Exh. 1, ¶16 ("Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law."); ¶ 4(b) (Defendants engaged in practices of failing to pay employees meal period premium wages).

[12] Exh. 1, ¶16.

[13] Again, all of the meal period violations alleged, and claims of non-compliant policies and practices are adamantly denied by ECMD.

### 4. Plaintiff Seeks Recovery for Himself and the Putative Class for Alleged Violations of California Labor Code §§ 226.7 Related to the Provision of Rest Breaks.

In support of his fourth cause of action for alleged violations of California Labor Code § 226.7, Plaintiff alleges ECMD had policies and practices of failing to authorize and permit Plaintiff and the statewide putative class members to take rest breaks as required by Labor Code § 226.7 and IWC Wage Order No. 1-2001 § 12.[14] Plaintiff specifically alleges that he and the putative class:

> . . .wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods.[15]

Section 226.7 allows an employee to recover one additional hour of pay at the employee's regular rate of compensation for each workday that the rest break is not provided. *See*, Cal. Lab. Code § 226.7(c). Courts have applied a four-year statute of limitations to claims for alleged rest break violations where plaintiff seeks unpaid wages as restitution under Business & Professions Code §§ 17200 and 17210. *See*, *Cortez, supra,* 23 Cal.4th at 173.

Assuming two rest break violations per employee, per workweek for all non-exempt employees, during the putative class period going back four years, the potential amount due for alleged rest break violations totals $**719,926.24** [16,868 (total workweeks) x $21.34 (average hourly rate of pay) x 2 (rest break violations)] (McQuinn Decl., ¶6.)

/ / /

/ / /

/ / /

/ / /

/ / /

---

[14] Exh. 1, ¶17.
[15] Exh. 1, ¶17.

**5. Plaintiff Seeks Recovery for Himself and the Putative Class for Alleged Violations of California Labor Code §2802 Related to Failure to Reimburse Necessary Business Expenses.**

In support of his fifth cause of action for alleged violations of California Labor Code §2802, Plaintiff alleges ECMD had policies and practices of failing to indemnify Plaintiff and the statewide putative class members for necessary business expenses as required by Labor Code §2802.[16] Plaintiff specifically alleges that ECMD:

> . . .[W]rongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement. For example, Plaintiff and the Class were required to purchase cleaning supplies to clean trucks, specific types of shoes, snow chains, and were required to use their personal cell telephones for work purposes. Also, Plaintiff and the Class were sometimes required to use their personal vehicles for work purposes.[17]

Section 2802 allows an employee to be indemnified for reasonable business expenses that were required by an employer in the performance of the employee's job duties. *See*, Cal. Lab. Code §2802. Courts have applied a three-year statute of limitations for claims under section 2802. Cal.Code Civ. Proc. § 338, subd. (a); *Brandon v. National R.R. Passenger Corp. Amtrak* (C.D. Cal., Mar. 1, 2013) 2013 WL 800265. Assuming each employee incurred $20 of unreimbursed business expenses per workweek, going back three years, the potential amount due for the disputed unreimbursed business expenses would total $**113,340** [$20 per workweek x 5667 (workweeks during the three-year period)]. (McQuinn Decl., ¶8.)

///

///

///

///

---

[16] Exh. 1, ¶59.
[17] Exh. 1, ¶18.

**6. Plaintiff Seeks Recovery for Himself and the Putative Class for Failure to Timely Pay Final Wages in Alleged Violation of California Labor Code §203.**

In support of his sixth cause of action for alleged violations of California Labor Code §203, Plaintiff alleges ECMD failed to timely pay final wages to Plaintiff and the statewide putative class members.[18] Plaintiff specifically alleges that during the relevant time period, ECMD:

> . . .failed and continued to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.[19]

Section 203 allows for waiting time penalties of up to 30 days of the employee's regular wages. *See*, Cal. Lab. Code §203. Court have applied a three-year statute of limitations for claims under section 203. Cal. Code Civ. Proc. §203(b); (LC 203(b); *Pineda v. Bank of America* (2010) 50 Cal.4th 1389). During the class period, ECMD employed approximately 178 non-exempt employees who were terminated during the putative class period going back three years from the filing of the complaint, whose average hourly rate of pay was about $21 per hour. With regard to these employees, the potential amount of waiting time penalties for the disputed violations would be $**897,120** [178 (terminated employees) x 30 x 8 x $21] (McQuinn Decl., ¶7.)

**7. Plaintiff Seeks Recovery for Himself and the Putative Class for Alleged Violations of California Labor Code § 226 Related to the Provision of Accurate Wage Statements.**

In support of his seventh cause of action for alleged violations of California Labor Code § 226 and the applicable wage order, Plaintiff alleges ECMD failed to provide him and the putative class members in California with accurate wage

---

[18] Exh. 1, ¶¶63-67.
[19] Exh. 1, ¶63.

statements listing "the true 'total hours worked by the employee,'" and "the true net wages earned."[20]

Labor Code section 226(e) allows an employee to recover a $50 penalty from his/her employer for wage statement violations, for the initial pay period and an additional $100 penalty for subsequent violations per pay period, up to a maximum amount of $4,000. *See*, Cal. Lab. Code § 226(e)(1). Claims for violations of section 226(e) penalties are subject to a one-year statute of limitations. Cal. Civ. Proc. Code § 340.

During the one-year time period of May 2023 to the present, ECMD had a total of 61 non-exempt employees who worked during the entire time period. (McQuinn Decl., ¶9.) **Accordingly, the potential value of the alleged, albeit disputed, section 226(e) penalties, assuming one violation per pay period is $244,000 (61 (employees) x $4,000 (maximum penalty)**. (*Id.*)

In short, as shown herein, a conservative estimate of the amount in controversy totals **$5,046,072.76** (excluding attorney's fees, costs, and interest). This amount is based on the first through seventh causes of action and excludes attorney's fees:

| | |
|---|---|
| Minimum wage: | $1,259,870.92 |
| Overtime wages: | $1,079,889.36 |
| Meal break violations: | $719,926.24 |
| Rest break violations: | $719,926.24 |
| Waiting time penalties: | $897,120 |
| Unreimbursed business expenses: | $113,340 |
| Wage Statement violations: | $244,000 |
| Total: | **$5,034,072.76** |

---

[20] Exh. 1, ¶¶70, 74 (as a result plaintiff and class are entitled to damages).

13

Here, Plaintiff seeks attorneys' fees under all eight causes of action.[21] Under the law, attorney's fees are recoverable under the first, second, fifth, and seventh causes of action. *See*, e.g., Cal. Lab. Code §1194(a) [fees recoverable for minimum and overtime wage violations]; Cal. Lab. Code §2802 [reimbursement for business expenses]; Cal. Lab. Code §226 [fees recoverable for wage statement violations]. Courts have held that attorney's fees are included in the amount in controversy calculations. *Arias v. Residence Inn by Marriott* (2019) 936 F.3d 920. Specifically, the Ninth Circuit has held: "[w]e have long held (and reiterated [in early 2018]) that attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Ariz., LLC* (9th Cir. 2018) 899 F.3d 785, 794; see also, *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F3d 1150, 1155-1156.

Assuming a conservative estimate of **attorneys' fees of 10%** of the total recovery or $503,407, the amount in controversy would exceed **$5,537,479.**

By filing this Notice of Removal, ECMD does not waive any of its rights to any objections or defenses, including jurisdictional, and expressly reserves the right to amend and supplement this Notice of Removal.

WHEREFORE, ECMD prays that the above-entitled action be removed from the Riverside County Superior Court to the United States District Court for the Central District of California, Western Division, for all further proceedings.

Dated:  June 21, 2024                                   GREENE & ROBERTS

By:  */s/ Dessi N. Day*
     Maria C. Roberts
     Dessi N. Day
     Attorneys for Defendant
     ECMD, Inc.

---

[21] Exh. 1, Prayer for Relif, ¶¶4-45.